IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANA LARRY MYRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  2:16cv555-MHT-WC |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Motion for Preliminary Injunction Against the United States Social Security Administration (Doc. 25).  In the motion, Plaintiff asks the court to "prevent a governmental extension and expansion, via preliminary injunction, of the unconstitutional actions that are, at this time, being considered by this court" in the above-styled case.  Doc. 25 at 1.  Plaintiff states that he "has become aware [that] the United States Social Security Administration will be implementing a policy in the coming weeks to deny the rights of millions of social security recipients their second amendment rights. . . ."  *Id*.  Plaintiff states that he "may or may not be affected by this procedure. . . ."  *Id*.

Plaintiff's motion for preliminary injunction should be denied for several reasons. First, Plaintiff seeks an injunction against the Social Security Administration in a case that does not name the Social Security Administration as a defendant.  The court cannot grant injunctive relief for Plaintiff against a non-party to the case.  *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs*., 72 F.3d 842, 842-43 (11th Cir. 1995) (court

lacks subject matter jurisdiction to issue preliminary or permanent injunction against non-party); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc*., 96 F.3d 1390, 1394 (5th Cir. 1996) (district court not authorized to grant injunctive relief against non-parties); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (noting that the purpose of preliminary injunctive relief is to preserve the status quo *between the parties* and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed).

Second, even if the Social Security Administration were a party to this case, Plaintiff has failed to allege facts that would entitle him to a preliminary injunction. To obtain a preliminary injunction, a movant must show: (1) a substantial likelihood that the plaintiff will prevail on the merits; (2) there exists a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the granting of the preliminary injunction would not disserve the public interest. *See, e.g., CBS Broadcasting, Inc. v. Echostar Commc'ns Corp*., 265 F.3d 1193, 1200 (11th Cir. 2001); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998). In the Eleventh Circuit, "'[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion' as to the four requisites." *Id.* (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989)) (internal quotation marks omitted).

Here, the undersigned determines that, at a minimum, Plaintiff has not shown that he will suffer irreparable injury unless the injunction issues. Notably, Plaintiff provides no specifics as to what the procedure is that he alleges will be implemented by the Social

Security Administration. He speculates that the procedure, whatever it may be, will be implemented at some time "in the coming weeks." Doc. 25 at 1. Further, Plaintiff states that he "may or may not be affected by" the procedure. *Id*. Thus, the undersigned can clearly determine that Plaintiff has not shown that he will suffer irreparable injury—whatever the injury may be—because Plaintiff is not sure whether he will be affected by the procedure—whatever the procedure is—that is to be implemented at some point in time—whenever that may be—by the Social Security Administration—who is not a party to the case. For all of those reasons, and likely more, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (Doc. 25) be DENIED. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before February 9, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is

3

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 26th day of January, 2017.

                                      <u>/s/ Wallace Capel, Jr.</u>
                                      UNITED STATES MAGISTRATE JUDGE